# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION,

**JOSHUA D. FRANKLIN,**

    **Plaintiff,**

vs.                                                          CASE NO. 4:22-CV-424-AW-MAF

**LEON COUNTY**
**SHERIFFS OFFICE,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Joshua D. Franklin, is a state prisoner proceeding *pro se* who is no stranger to the federal courts. Plaintiff initiated this case with a complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. Despite Plaintiff's familiarity with the federal court system, he did not disclose his litigation history as required. More importantly, although Plaintiff filed a motion to proceed *in forma pauperis* (IFP), it is due to be denied because Plaintiff is a three-striker under the Prison Litigation Reform Act (PLRA). ECF No. 2. As explained below, this case should be dismissed because Plaintiff is a three striker and as a sanction for affirmatively misrepresenting his litigation history.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues three defendants solely in their official capacities: Clinton Lewis, Sheriff of Leon County; "Jane Doe - Sergeant Dunbee," Leon County Jail; and "John Doe," the Director of Leon County Jail.[1] ECF No. 1, pp. 2-3. Plaintiff raised similar claims against different defendants in Case No. 4:22-cv-00388-AW-MAF. Plaintiff alleges that on September 2, 2021, his eyes were placed in a retinal scanner and soon after he began experiencing headaches, migraines, and "major health problem[s]." Id., p. 5. He claims

---

[1] On the cover page of the complaint, Plaintiff listed "Leon County Sheriffs Office, Leon County Jail, and Clinton Lewis, Sheriff of Leon County, et. al." ECF No. 1, p. 1. However, in Section I(B) "PARTIES TO THIS COMPLAINT," Plaintiff names Lewis, "Jane Doe - Sergeant Dunbee," and "John Doe." Only those persons named in Section 1B will be considered as defendants in this action.

that, since that time, he has "been in a constant state of pain." Id., p. 5. Plaintiff seeks compensatory damages, injunctive relief, and an order banning the State of Florida from using the retinal scanner. Id., p. 6. Plaintiff claims that the technology is being used to intentionally kill convicted felons. Id., p. 7. Plaintiff claims constitutional violations under the Eighth- and Fourteenth Amendments. Id.

Overall, the complaint is an impermissible shotgun pleading because Plaintiff fails to articulate a set of facts attributing certain acts or omissions against each defendant. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). Legal conclusions will not suffice. Ordinarily, the Court would grant a litigant an opportunity to amend his complaint to correct the deficiencies. However, Plaintiff's misrepresentations in his complaint are so egregious that the Court should forgo that courtesy.

As stated previously, this is not Plaintiff's first attempt to litigate claims surrounding these events. Presumably, it is not his last. In an earlier case, the Court advised Plaintiff that, as a prisoner proceeding *pro se,* he is obligated to disclose all his federal litigation history, under the penalty of perjury; but here, again, he did not do so. See generally, ECF No. 1.

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's long history of frivolous litigation in the federal courts. Although the

undersigned outlined Plaintiff's history in the earlier case, it bears repeating here. See N.D. Fla. No. 4:22-CV-00388-AW-MAF, ECF No. 3. Plaintiff filed at least one federal case in the District of Columbia, no less than nine federal cases in the Middle District of Florida, and at least seven more in the Northern District of Florida before the instant case. Several of these cases count as strikes under the Prison Litigation Reform Act (PLRA). Plaintiff also filed numerous appeals in the Eleventh Circuit Court of Appeals. Plaintiff is undoubtedly familiar with the rules governing these proceedings; and courts advised Plaintiff on multiple occasions how to properly complete the Section 1983 complaint form warning that the failure to state a claim will result in dismissal.

Plaintiff filed no less than sixteen federal cases in Florida, not including his appeals. He disclosed just five. ECF No. 1, pp. 9-11. This Report only covers the most relevant cases because the Court will not assume Plaintiff's obligation to fully disclose his litigation history under the penalty of perjury.

### III. Discussion

A. <u>Plaintiff's Motion for Recusal is DENIED.</u>

Plaintiff's litigation history is discussed below; but, first, the undersigned addresses Plaintiff's request for the undersigned to recuse himself from this case. To that end, Plaintiff's request is DENIED. Pursuant

CASE NO. 4:22-CV-424-AW-MAF

to 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455 is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990) (citation omitted). The allegation of bias must show that "the bias is personal as distinguished from judicial in nature." United States v. Phillips, 664 F.2d 971, 1002 (5th Cir. Unit B 1981), superseded on other grounds, United States v. Huntress, 956 F.2d 1309 (5th Cir.1992); Phillips v. Joint Legislative Comm., etc., 637 F.2d 1014, 1019-20 (5th Cir.1981). In short, except where pervasive bias is shown, a judge's rulings in the same or a related case do not provide a sufficient basis for recusal. See Phillips, 664 F.2d at 1002-03.

Plaintiff offers no factual evidence of the type of personal bias that would sustain a doubt about the undersigned's impartiality and require recusal in this case. Without explanation or reason, Plaintiff "requests that Judges" Frank and Fitzpatrick "be disqualified from this case or that another U.S. District Court within the Northern District be assigned this case." Without good cause or sufficient grounds, Plaintiff's request is DENIED.  Id., p. 6.

B. <u>Plaintiff is a Three-Striker Under the PLRA</u>

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint does not present sufficient allegations to show that -- at the time he initiated this case -- he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He alleges he was subjected to the retinal scan fifteen months ago in September 2021 and continues to have "heartaches, migraines, and major health problems." ECF No. 1, pp. 8-9. Plaintiff does not allege he is in need of- or has been denied any medical treatment. <u>See</u> <u>generally</u>, ECF No. 1. Plaintiff does not suggest that any of the Defendants named in the complaint personally subjected him to any medical treatment or that they denied him medical treatment. <u>Id.</u>

Because Plaintiff has more than three prior qualifying dismissals and does not meet the exception, the Court should dismiss Plaintiff's complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate

who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

Plaintiff is a vexatious litigant having filed numerous actions pursuant to Section 1983 or Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), in the Northern District of Florida, the Middle District of Florida, and the District of Columbia, which count as strikes and which he failed to disclose:

1. Franklin v. Petersen, et al., No. 4:16-cv-00470-MW-MJF (N.D. Fla. dismissed Dec.10, 2018) (failure to exhaust administrative remedies).

2. Franklin v. Sec'y Fla. Dep't of Corr., No. 3:22-cv-00513-BJD-PDB (M.D. Fla. dismissed Jun. 7, 2022) (failure to state a claim).

3. Franklin v. DeSantis, et al., No. 3:22-cv-687-BJD-LLL (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim).

4. Franklin v. Sec'y, Fla. Dep't of Corr., No. 3:22-cv-00699-BJD-JBT (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim).

5. Franklin v. Fla. Dep't of Corr., et al., No. 3:22-cv-758-BJD-LLL (M.D. Fla. dismissed Jul. 13, 2022) (failure to state a claim).

6. Franklin v. United States, et al., No. 1:22-cv-02203-UNA (D.D.C. dismissed Aug. 5, 2022) (frivolous).

    7. <u>Franklin v. Doe, et al.</u>, No. 4:22-cv-258-AW-MJF (N.D. Fla. Dismissed Nov. 21, 2022) (frivolous)

Even if the court were to recommend that Plaintiff be permitted to proceed IFP and gave him opportunity to amend, this case would be subject to a recommendation of dismissal based on Plaintiff's abuse of the judicial process by not disclosing his prior litigation history.

Since Plaintiff is a three-striker, his application to proceed IFP is due to be DENIED.

C. <u>Plaintiff Affirmatively Misrepresented His Litigation History</u>

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). <u>See</u> <u>Ealy v. CCA</u>, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be

considerable.  Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Section VIII of the complaint form, titled "PRIOR LITIGATION," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. See ECF No. 1, pp. 8-12. Question A of Section VIII asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service? . . . If "yes," identify the case number, date of dismissal, and court for each case." Id., p. 9.  Plaintiff marked "Yes" and identified two cases -- Case No. "4:16-cv-147-MJF" -- as being filed in Northern District of Florida Tallahassee Division. Id. This case does not belong to Plaintiff at all.[2] Plaintiff listed none of the strikes against him. Plaintiff also listed 4:22-cv-258-AW-MJF, which is correct.

Question B asks, "Have you filed other lawsuits or appeals in state or

---

[2] The actual case number in this district is 4:16-cv-00147-RH-CAS and is styled as Graham v. Medicredit Inc. The case was filed pursuant to the Fair Debt Collection Act. The undersigned also reviewed cases in the Middle District of Florida, but the case number provided by Plaintiff does not exist in that court.

CASE NO. 4:22-CV-424-AW-MAF

federal court dealing with the same facts or issue involved in this case?" Id., p. 10. Plaintiff marked "Yes" and listed just two cases: N.D. Fla. Case No. 4:22-cv-00021-WS-MAF, Franklin v. Leon County Sheriff's Office, et al., voluntarily dismissed, and M.D. Fla. Case No. 8:22-cv-00992-MSS, Franklin v. DeSantis. Id. The problem with Plaintiff's response to this question is that he failed to disclose that, prior to the instant case, he presented similar allegations in *six additional* cases in three different jurisdictions:

1. Franklin v. DeSantis, et al., No. 3:22-cv-00555-BJD-LLL, (M.D. Fla. dismissed May 20, 2022) (Plaintiff filed the case in the wrong jurisdiction and did not file a complete complaint form).

2. Franklin v. DeSantis, et al., No. 3:22-cv-00687-BJD-LLL, (M.D. Fla. dismissed Jul. 19, 2022) (failure to state a claim and because Plaintiff's assertions were "fantastic[al]").[3]

3. Franklin v. Fla. Dep't of Corr., et al., No. 3:22-cv-00758, (M.D. Fla. dismissed Jul. 13, 2022) (failure to state a claim because Plaintiff's claims were "fantastic or delusional," medical negligence is not cognizable under Section 1983, and claims failed under a theory of respondeat superior).[4]

4. Franklin v. DeSantis, No. 4:22-cv-00233-MW-MAF, (N.D. Fla. voluntary dismissal Aug. 16, 2022).

---

[3] This case should have been identified in response to Question A as well because it counts as a "strike" under the PLRA.

[4] Plaintiff sued different defendants than the ones he sues in the instant case, but his allegations are nearly identical.

      5. <u>Franklin v. Lewis, et al.</u> No. 4:22-cv-00258-AW-MJF (N.D. Fla. Dismissed Nov. 21, 2022) (frivolous).

      6. <u>Franklin v. United States of America, et al.</u>, No. 1:22-cv-02203-UNA, (D.D.C dismissed Aug. 5, 2022) (frivolous).

Question C asks, "Have you filed any other lawsuit, habeas corpus petition or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement." ECF No. 1, p. 10. Plaintiff marked "Yes" and listed five state cases and one federal habeas case, N. D. Fla. Case No. 4:21-cv-184-MJF, <u>Franklin v. Dixon</u>, which remains "pending." <u>Id.</u>, pp. 11. Plaintiff also failed to disclose other Section 1983 cases not listed in this Report which he filed in both the Middle- and Northern Districts of Florida.

The complaint form warns: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the site of caution if you are uncertain whether a case should be identified.***" ECF No. 1, p. 8. Plaintiff knows that accurate disclosure of his litigation history is required and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to

the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's affirmative misrepresentations to go unpunished.

The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

As narrated above, Plaintiff filed at least six cases before filing the instant case, which raised the same allegations. Some were dismissed for failure to state a claim because Plaintiff's allegations were "fantastical";

another case remains pending in this Court, namely, N.D. Fla. Case No. 4:22-cv-00388-AW-MAF, <u>Franklin v. DeSantis, et al.</u>, where a report recommending dismissal is pending. Plaintiff's attempt to litigate the same claims against multiple defendants in multiple cases in multiple jurisdictions at the same time is a gross abuse of the judicial process. Dismissal is appropriate.

## IV.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that:

1. Plaintiff's complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** as malicious for abuse of the judicial process by making affirmative misrepresentations and because the instant case is duplicative of a pending case (N.D. Fla. Case No. 4:22-cv-00388-AW-MJF, <u>Franklin v. DeSantis, et al.</u>). Alternatively, the case may be dismissed because Plaintiff is a three-striker under the PLRA who does not meet the imminent danger exception.

2. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3.      Finally, Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is **DENIED**, because he is a three striker and does not meet the imminent danger exception.

IN CHAMBERS at Tallahassee, Florida on December 5, 2022.

>   s/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).